(Pleito No. 228.—Fallado el 4 de Diciembre de 1902.)

## OLIVAS contra DALMAU.

COMPETENCIA de jurisdicción promovida entre los juzgados municipales de Guayama y de San Francisco, de San Juan.

1.—OBLIGACIÓN. Una obligación de pagar el precio de géneros de comercio, vendidos al por menor, debe cumplirse en el mismo lugar donde esté situado el establecimiento ó tienda en que se compraron.

2.—SOBRE EL MISMO PUNTO. La regla anterior es aplicable en aquellos casos en que no ha habido pacto expreso para hacer lo contrario.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á cuatro de Diciembre de mil novecientos dos, en la competencia pendiente ante Nos, promovida por el Juzgado Municipal de Guayama al de igual clase de San Francisco, de la Capital, para conocer de la demanda entablada en este último, por los Sres. Sucesores de Olivas y Cª contra Don Juan Dalmau, sobre cobro de pesos, no habiéndose personado en este Tribunal ni una ni otra de las partes, pero con asistencia del Sr. Fiscal, quien se limitó en su informe á ratificar el dictamen que presentara oportunamente por escrito.—1º Resultando: Que los Sucesores de Olivas y Cª, vecinos y comerciantes de la Ciudad de San Juan, demandaron en juicio verbal ante el Juzgado Municipal de San Francisco, en doce de Julio del corriente año, á Don Juan Dalmau, comerciante y vecino de Guayama, para que pagara á ellos la suma de sesenta y un dollars y tres centavos, que es en deberles en concepto de dos facturas de licores; y

el demandado, citado en su domicilio, presentó escrito al Juzgado Municipal de Guayama, promoviendo cuestión de competencia por inhibitoria, por ser dicho Juzgado el competente para conocer de la demanda entablada, fundando su pretensión en la regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil, y suplicando al Juzgado se sirviera declararse competente para conocer de la demanda entablada, y requerir de inhibición al Juez Municipal de San Francisco en San Juan, dirigiéndose al efecto oficio con las constancias necesarias, y suplicándole la remisión de los autos.—2? Resultando: Que el Juzgado Municipal de Guayama, con fecha diez y nueve de Julio, tuvo por interpuesta la inhibitoria propuesta, y ordenó se diera traslado al Fiscal Municipal; oído éste, fué de parecer que el Juzgado debía sostener su competencia y requerir de inhibición al de San Francisco, en la forma solicitada por el demandado, ó como mejor procediera en derecho.—3? Resultando: Que el Juzgado de Guayama, por auto de veinte y cinco de Julio, se declaró competente para conocer de la demanda referida, y.en su consecuencia ordenó se requiriera al de San Francisco para que, inhibiéndose de ella, remitiera los autos al mismo, dirigiéndole á ese fin el correspondiente oficio, con testimonio é inserción de la papeleta de demanda presentada, del escrito del demandado, Don Juan Dalmau, del dictamen Fiscal, y de su resolución.—4? Resultando: Que recibidos en el Juzgado Municipal de San Francisco, dispuso éste la suspensión del procedimiento y ordenó se instruyera á la parte demandante para que dentro de tercero día expusiera lo que estimara procedente á su derecho; y notificado el auto que antecede al demandante, compareció en veinte y nueve de Julio ante el Juez Municipal de San Francisco, por medio de su representante Luis Freyre Barbosa, quien, evacuando la instrucción ordenada, solicitó de dicho Juzgado se dignara declarar no haber lugar á la inhibitoria solicitada por el de Guayama, sosteniendo, por lo tanto, su competencia para conocer del juicio procedente

de la demanda aludida.—5? Resultando: Que dado tras-
lado al Fiscal, fué de parecer que el Juzgado de San Fran-
cisco debía denegar la inhibitoria propuesta por el de
Guayama, por ser el único competente para conocer de
la demanda que ha dado margen á la cuestión de compe-
tencia, y por auto de primero de Agosto último, el Juzgado
Municipal de San Francisco se declaró único competente
para conocer del juicio procedente en virtud de la demanda
interpuesta por el representante de la sociedad Sucesores de
Olivas y C.ª contra Don Juan Dalmau; y en su consecuencia
denegó la inhibitoria propuesta por el Juzgado Municipal
de Guayama, ordenando se comunicara al mismo dicha
resolución por medio de oficio, remitiéndole testimonio de la
diligencia de comparecencia del actor, de los documentos
por el mismo presentados, del escrito del Fiscal, y de su
resolución, á fin de que se sirva manifestar si deja en libertad
á dicho Juzgado de San Francisco para continuar actuando,
ó en otro caso, para que remita los autos al Tribunal Supremo
de Puerto Rico para la decisión de la competencia.—6?
Resultando: Que recibidos en el Juzgado Municipal de
Guayama, se ordenó se instruyera al demandante, el que
suplicó al Juzgado insistiera en sostener la inhibitoria
solicitada, y éste, por auto de quince de Agosto, lo acordó
así, disponiendo se comunicara por medio de oficio al
Juzgado de San Francisco, á los efectos consiguientes, y se
remitieran los autos para la decisión de la competencia al
Tribunal Supremo de San Juan de Puerto Rico, con empla-
zamiento de las partes por término de diez días, á fin de que
comparecieran si les conviniere en dicho Tribunal, á usar de
su derecho; y enterado el Juzgado de San Francisco de
la resolución del de Guayama, ordenó se elevaran los autos
originales al Tribunal Supremo, con citación y emplaza-
miento del Fiscal y del actor para que, dentro del término
de diez días, comparecieran ante el mismo, á los fines
procedentes; y finalmente fueron recibidas en este Tribunal
Supremo las actuaciones procedentes de ambos Juzgados, y

se ordenó la formación del apuntamiento, habiéndose señalado la vista, que tuvo lugar en el día de hoy.—Visto: Siendo Ponente el Juez Asociado de este Tribunal Supremo Don James H. MacLeary.—1º Considerando: Que á falta de pacto expreso en contrario, la obligación de pagar el precio de géneros de comercio, vendidos al por menor, debe cumplirse en el mismo lugar donde se halla el establecimiento ó tienda en que se compraron, según así con frecuencia lo ha declarado ya este Tribunal Supremo, y ha sido la jurisprudencia última del Tribunal Supremo de España.— 2º Considerando: Que, por existir en la Ciudad de San Juan el establecimiento del comercio del demandante donde se compraron las dos facturas de licores, único concepto atendible para los efectos de la competencia, es evidente que la obligación reclamada de pagar el precio debe cumplirse en San Juan.—Fallamos: Que debemos declarar y declaramos que es Juzgado competente para conocer de esta demanda el Juzgado Municipal de San Francisco, en San Juan, al que se remitirán todas las actuaciones, poniéndolo en conocimiento del de Guayama, siendo de cuenta respectiva de las partes las costas causadas.—Así por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal Supremo, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado de este Tribunal Supremo Don James H. MacLeary, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á cuatro de Diciembre de mil novecientos dos.—Antonio F. Castro, *Secretario.*